LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

ABBEY LOCKSMITH, INC.,

        Debtor.
-------------------------------------------------------X

Chapter 11
Case No.: 10-16292

**AFFIDAVIT IN ACCORDANCE WITH S.D.N.Y. LBR 1007-2 (a)**

STATE OF NEW YORK      )
                                     ) ss:
COUNTY OF NEW YORK    )

      Leonard Geffner, president of Abbey Locksmiths, Inc., the Debtor herein (the "Debtor"), being duly sworn, deposes and says that:

      1.     I am the president of Abbey Locksmiths, Inc., the above named petitioner, having voluntarily filed for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 24, 2010 (the "Filing Date").

      2.     I submit this affidavit (the "Affidavit") in support of the Debtor's voluntary petition (the "Petition") for reorganization under Chapter 11 of the Bankruptcy Code, pursuant to Rule 1007-2(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New York.

      3.     Except as otherwise noted herein, all facts set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition.

      4.     On the Filing Date, the Debtor filed its voluntary petition for relief under Chapter

1

11 of the Bankruptcy Code. The Debtor continues to remain in possession of its assets, operate its business and manage its affairs as the debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee of creditors has been appointed in this case.

6. The Debtor is a small business debtor as defined by § 101(51)(D) of the Bankruptcy Code.

7. The Debtor is a New York corporation formed on or about March 31, 1966. The Debtor is engaged in the business of rendering locksmith, hardware and alarm related goods and services. The Debtor operates from its leased premises located at 1558 2nd Avenue, New York, New York (the "Premises"). The rent is $4,500.00 per month pursuant to an oral, month to month lease. The owner/landlord of the Premises is Leonard Geffner.

8. Presently, the Debtor has 27 employees. The weekly payroll excluding officers and directors is $19,850.00. Therefore the payroll projection for a 30 day period is approximately $79,400.00.

9. The Debtor has never previously filed a petition for relief under the provisions of the Bankruptcy Code. At this juncture the Debtor intends to propose an arrangement for reorganization, or if applicable, seek a structured dismissal or dismissal of this case pursuant to the provisions of chapter 11 of the Bankruptcy Code.

10. Annexed to the Petition is a schedule of the twenty (20) largest unsecured claims of the Debtor's estate.

11. Upon information and belief, the Debtor only has the following secured creditors: (a) Capital One, under a term loan, with an outstanding balance of approximately $20,000.00; and (b) two (2) vehicles with secured creditor GMAC and Ford, with an aggregate outstanding approximate balance of $14,577.96. The remainder of the Debtor's liabilities is unsecured,

ordinary trade debt in the aggregate sum of $54,273.18.

12. The Debtor's assets consist of the following [all dollar amounts are estimated]: (a) funds in bank accounts [4 Capital One accounts and 1 Mahopac National Bank account] and cash on hand for a total of $167,000; (b) inventory (value of $298,694); (b) business and office equipment and machinery (value of $20,000); (c) 16 vehicles (value of $199,985); and (d) accounts receivable (value of $266,555).

13. The Debtor does not have any shares of stock that are publically held.

14. No property of the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee or any other person.

15. All assets, books and records of the Debtor are in the possession of and are under the Affiant's control while stored with the Debtor's accountant. The Debtor owns no assets that are physically located outside the United States.

16. As of the Filing Date, there is no action or proceeding pending against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent, except as set forth herein. The Debtor is a judgment debtor under a substantial, contingent, disputed judgment in the approximate sum of $1,891,385.00, in favor of plaintiff Eddie Valentin, under Index No. 115500/04, case name Valentin v. Melcar Garage, Inc., et al., Supreme Court of the State of New York, County of New York. The judgment has been appealed and the appeal is pending. The judgment stems from a dubious personal injury award resulting from an asserted injury from an alarm which the Debtor serviced. The judgment creditor attached the Debtor's Capital One bank accounts and a marshal had visited the Debtor's Premises in connection with further enforcement proceedings, however, no additional enforcement action was taken due to the pending appeal.

17. The Debtor's officers and management consist of Leonard Geffner, President and

Neal Geffner, Vice President. Leonard Geffner holds 51% of the outstanding shares of the Debtor and Neal Geffner holds 49% of the outstanding shares of the Debtor. Leonard Geffner receives weekly compensation in the gross sum of $8,394.33 and Neal Geffner receives weekly compensation in the gross sum of $5,582.73.

18. The Debtor's chapter 11 filing was precipitated by the aforementioned judgment. In the event judgment enforcement proceedings were successful and/or continued, and the liability in connection with the judgment ultimately upheld (which the Debtor vigorously disputes), then the Debtor's business would not be able to continue to operate and the Debtor's business would fail.

19. The Debtor believes that with the protections of this Court and the Bankruptcy Code, it will either be able to restructure its business arrangements and debts and propose a meaningful and acceptable plan of reorganization, or, alternatively, if the judgment is satisfactorily resolved, then, if applicable, the Debtor may seek a structured dismissal or dismissal of the case.

**WHEREFORE**, your Affiant prays that it shall be authorized to continue in the operation and management of its business and affairs pending further Order of this Court.

                            _s/ Leonard Geffner_
                            Leonard Geffner, the President

Sworn to before me this
24th day of November 2010

_s/ Lorna E. Kenny_
Lorna E. Kenny
Notary Public, State of New York
No. 01KE6066275
Qualified in Kings County
Commission Expires November 13, 2013